UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TYNISKI EVANS**                                         **CIVIL ACTION**

**VERSUS**                                                **NO. 16-3995**

**REGIONAL TRANSIT AUTHORITY**                            **SECTION "B"(4)**

### ORDER AND REASONS

Considering the foregoing "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure Rule 12 (b)(1), or In the Alternative, Rule 12 (b)(6) Submitted on Behalf of Reginal Transit Authority" (Rec. Doc. 13) and the opposition thereto (Rec Doc. 14),

**IT IS ORDERED** that the Defendant's motion is **GRANTED** and that the Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE.** Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982)).

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190,

1

196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009))(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id*. at 1950. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The

plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff's one paragraph complaint does not allege sufficient facts to state a plausible claim against the Regional Transit Authority (Rec. Doc. 1). The complaint does not plead enough facts to raise the Plaintiff's right to relief to a level that is beyond mere speculation. Though she makes claims of sexual harassment she does not allege any particular perpetuator or the date or time of the alleged incident. In Plaintiff's opposition to the Motion to Dismiss she provides a few additional details such as the date of the incident, however her complaint is still factually deficient. The complaint does not contain sufficient facts to successful state a claim against the Regional Transit Authority (Rec. Doc. 14). Consequently, the Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**[1].

New Orleans, Louisiana, this 21st day of February, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Pro se Plaintiff alleges a health disability impairs her ability to present more information about her claim. However, she refers to a date and claims to have reported to police incidents with unknown RTA employees. If she produces those reports in a timely filed motion, we could consider reopening this case.

3